IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Antonio T.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 23-cv-02113 |
| v. | ) |
| | ) Honorable Beth W. Jantz |
| MARTIN J. O'MALLEY, | ) |
| Acting Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Antonio T.'s application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Parties have filed cross motions for summary judgement. For the reasons that follow, Plaintiff's motion (dkt. 14) is GRANTED and the Commissioner's Motion for Summary Judgment (dkt. 20) is DENIED. This case is remanded for further proceedings consistent with this Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by his first name and the first initial of his last name.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. O'Malley has been substituted for his predecessor.

I.      **Background**

On May 2, 2019, Plaintiff completed applications for DIB and SSI, alleging disability beginning January 31, 2016. R. 409-21. Plaintiff's claims were denied initially on August 8, 2019, and upon reconsideration on March 2, 2021. R. 242-53. A hearing was held before an Administrative Law Judge ("ALJ") on August 5, 2021. R 101-132. The ALJ denied Plaintiff's claims on August 30, 2022. R. 203-31. On January 27, 2022, the Appeals Council remanded the claim back to the ALJ, directing her to consider additional medical evidence. R. 232-37. A second hearing was held on May 26, 2022, at which Plaintiff amended his alleged onset date to December 1, 2019. R. 41, 73-100. On August 17, 2022, the ALJ again denied Plaintiff's claims. R. 38-72. On February 6, 2023, the Appeals Council denied Plaintiff's request for review, r. 1-7, making the ALJ's decision the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. §405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. §404.1520. R. 44-64. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of December 1, 2019. R. 44. At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; degenerative disc disease of the lumbar and cervical spine; degenerative joint disease of the left shoulder; and status post laminectomy. R. 44-50. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments. R. 50. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work except that he could: occasionally climb ramps and stairs but never ladders, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; frequently reach in all directions including overhead

2

with both upper extremities; frequently handle, finger and feel with both upper extremities; tolerate occasional exposure to and occasionally work around vibration and hazards such as moving machinery or unprotected heights. R. 50-62. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 62-63. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. R. 63-64. The ALJ then concluded that Plaintiff was not disabled under the Social Security Act. R. 64-65.

## II. Standard of Review

The Court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence. *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 102, 139 S. Ct. 1148, 1154, 203 L.Ed.2d 504 (2019)). While reviewing the Commissioner's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Id.* at 1052-53 (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also*, 42 U.S.C.§405(g).

## III. Discussion

Remand is required in this case because the ALJ relied on outdated opinion evidence in determining Plaintiff's RFC, specifically, the opinions of two non-examining state agency medical

consultants. The ALJ found their "opinion[s] of light work… persuasive." R. 61-62. Plaintiff contends that these consultants were "unaware of critical evidence," specifically July 2020 MRI findings. Dkt. 14 at 5-8. Defendant does not dispute that the consultants did not review these MRI findings, but instead argues that the ALJ was still entitled to rely on the consultants' opinions because these MRI findings did not "change[] the picture so much that it reasonably could have changed the[ir] opinion[s]." Dkt. 21 at 14 (internal quotation marks omitted) (quoting *Massaglia v. Saul*, 805 Fed. Appx. 406, 410 (7th Cir. 2020)).

Defendant is correct on the standard in that "[a]n ALJ may rely on a reviewing physician's assessment unless later evidence containing new, significant medical diagnoses changed the picture so much that it reasonably could have changed the reviewing physician's opinion." *Massaglia*, 805 F. App'x at 410 (internal quotation marks omitted). However, in this case, the July 2020 MRI contained evidence of a potential new condition that might reasonably have changed the consultants' opinions. The MRI noted "hypointense soft tissue in the left side of the spinal canal more likely due to epidural fibrosis but difficult to characterize." R. 1557. Epidural fibrosis "can induce difficult-to-treat pain." Guido Lewik et al., *Postoperative Epidural Fibrosis: Challenges and Opportunities - A Review*, Spine Surgery and Related Res. (Mar. 27, 2024), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC11007250/. The Court is not in a position to interpret the MRI findings itself; however, the existence of a potential new condition associated with "difficult-to-treat pain" appears to be the type of "significant, new, and potentially decisive finding" that might have reasonably changed the consultants' opinions. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016) (finding that the ALJ erred by relying on an assessment done by a non-examining physician who had not reviewed a report that contained evidence of potentially disabling conditions); *see also Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014) (finding that the

4

ALJ erred by relying on the conclusions of consulting physicians who were not shown an MRI that revealed "degenerative disc disease, stenosis (a narrowing of the spinal canal), and…a condition in which brain tissue extends into the spinal canal."). Under these facts, the ALJ was not permitted to rely on such outdated opinions. *See Lambert v. Berryhill*, 896 F.3d 768, 776 (7th Cir. 2018) ("ALJs may not rely on outdated opinions of agency consultants if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion.") (internal quotation marks omitted).

Defendant argues that the MRI does not "rise to th[e] level" of evidence that reasonably could have changed the consultants' opinions. Dkt. 21 at 14. Defendant states:

> "As the ALJ noted, the study showed 'hypointense soft tissue in the left side of the spinal canal most likely due to epidural fibrosis,' but the interpreting radiologist nonetheless concluded there was no nerve root sleeve displacement or significant narrowing. AR 54 (citing AR 1522). That was not appreciably different from the 2018 MRI that showed either mild or no central canal or foraminal narrowing. AR 52, 53 (citing AR 1001, 1100). If anything, the later study showed that the surgery was successful, in that there was no nerve root displacement, whereas the previous study showed some impingement. Nothing about this later study was significant…" Dkt. 21 at 14.

This attempt by Defendant to prove that the July 2020 MRI was insignificant fails. First, the ALJ did summarize some of the July 2020 MRI findings, but she did not compare them with the 2018 MRI, nor did she deem them or explain why they were insignificant such that she could still rely on the consultants' opinions. Defendant "cannot defend the ALJ's decision using this rationale directly… because the ALJ did not employ the rationale in [her] opinion." *Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013).

5

Second, to the extent that the ALJ assessed the MRI herself and determined that the findings were insignificant, such that she could still rely on the consultants' opinions, this was an error in and of itself. ALJs are not permitted to "play[ ] doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (internal quotation marks omitted). The ALJ was "required to rely on expert opinions instead of determining the significance of particular medical findings [herself.]" *Moon v. Colvin*, 763 F.3d 718, 722 (7th Cir. 2014).

To be clear, the Court is not saying that the July 2020 MRI findings were necessarily significant, or that they would have changed the consultants' opinions. However, the MRI contains evidence of a condition associated with "difficult-to-treat pain," which appears to be the type of "significant, new, and potentially decisive findings" that might have reasonably changed the opinions, and thus the ALJ was not permitted to rely on them, at least without further clarifying explanation. *See Stage*, 812 F.3d at 1125. This error was compounded by the fact that the ALJ did not seek an expert opinion on the MRI findings, and seemingly interpreted them herself, or not at all. *See Goins*, 764 F.3d at 680 ("Most important, the [consulting physicians] had not been shown the report of the 2010 MRI. Fatally, the administrative law judge failed to submit that MRI to medical scrutiny, as she should have done since it was new and potentially decisive medical evidence."). For these reasons, the Court remands for further consideration consistent with this opinion.

**SO ORDERED.**

Date:  September 13, 2024

_____
BETH W. JANTZ

United States Magistrate Judge